# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMARIS WALTON, #B69607, <br><br> Plaintiff, <br><br> vs. <br><br> LT. CHAD RAY, <br> LT. WILLIAMS, <br> JOHN DOE 1, <br> JOHN DOE 2, <br> JOHN DOE 3, <br> JOHN DOE 4, and <br> WARDEN OF LAWRENCE <br> CORRECTIONAL CENTER, <br><br> Defendants. | Case No. 19-cv-00804-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims for excessive force and denial of medical treatment. (Doc. 1). He seeks monetary damages and injunctive relief. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

dismissed. 28 U.S.C. § 1915A(b).[1]

**The Complaint**

Plaintiff makes the following allegations in the Complaint: On September 20, 2017, Plaintiff was denied a crisis team after a suicide threat. (Doc. 1, p. 7). On the same day, Lt. Chad Ray yanked repeatedly on Plaintiff while he was in handcuffs, the force of which caused Plaintiff to fall. (*Id.*). Plaintiff's body slammed against the floor injuring his back and buttocks. (*Id.*). Additionally, Plaintiff had swollen wrists and a burning pain in his shoulders. (*Id.*). Plaintiff screamed for medical attention. (*Id.*). Lt. Ray and Lt. Williams refused Plaintiff medical attention for his injuries. (*Id.*). As Plaintiff suffered from the injuries, Lt. Ray and four officers (John Does 1-4) picked him up, dragged him up some stairs, and tossed him in an isolation cage. (*Id.*). He was then forced to endure a six-hour bus ride while suffering from untreated injuries. (*Id.*).

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** **Eighth Amendment excessive force claim against Ray for yanking repeatedly on Plaintiff while he was handcuffed causing him to fall and suffer injuries on September 20, 2017.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Ray and Williams for denying Plaintiff medical treatment for the injuries caused by Ray on September 20, 2017.**

**Count 3:** **Eighth Amendment deliberate indifference claim because Plaintiff was denied a crisis team after a suicide threat.**

**Count 4:** **Eighth Amendment excessive force claim against Ray and John Does 1-4 for dragging Plaintiff up some stairs and tossing him inside of an isolation cage with untreated injuries.**

---

[1] The Court notes inconsistencies in Plaintiff's identification of defendants in the case caption, his list of defendants in Section I of the Complaint, and the defendants referenced in the statement of claim in Section IV of the Complaint. The Court resolves the inconsistencies and identifies the defendants as follows: Lt. Chad Ray, Lt. Williams, John Doe 1, John Doe 2, John Doe 3, and John Doe 4.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

## Discussion

### Counts 1 and 4

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). The Complaint sets forth sufficient allegations to proceed on the excessive force claims in Counts 1 and 4 against Ray. The allegations are also sufficient to proceed on the claim in Count 4 against John Does 1-4.

### Count 2

An Eighth Amendment claim based on the denial of medical care requires a plaintiff to show that (1) his medical condition was sufficiently serious, and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The allegations in Count 2 state a colorable deliberate indifference claim against Ray and Williams for the denial of medical treatment for the injuries caused by Ray. *See Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996) (failure to obtain medical assistance for an inmate who has been assaulted may

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

constitute deliberate indifference to a serious medical need). Accordingly, Count 2 will proceed against Ray and Williams.

**Count 3**

Plaintiff alleges he was denied a crisis team after he made a direct threat on his own life. He does not, however, provide any details or explanation of this event. He does not allege who denied him a crisis team or what knowledge that individual had regarding the situation. As such, Plaintiff's conclusory allegation fails to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Count 3 will, therefore, be dismissed without prejudice.

**Identification of John Doe Defendants**

The Warden of Lawrence Correctional Center will be added as a Defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the John Doe Defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the Court. Once the names of the John Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified Defendants in place of the John Doe designations.

**Motion for Recruitment of Counsel**

Plaintiff filed a Motion for Recruitment of Counsel. (Doc. 3). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently

present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff states he has written to two law firms in an attempt to retain counsel, but provides a response from only one of the law firms declining representation. Based on this information the Court finds Plaintiff has not made reasonable efforts to obtain counsel on his own. With respect to his ability to litigate this matter *pro se*, Plaintiff marked the box on the motion for recruitment of counsel form that states "I cannot speak, write, and/or read English very well because (check only if applicable and explain)" but failed to provide an explanation. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). For the reasons stated, the Motion for Recruitment of Counsel (Doc. 3) will be denied.

Plaintiff may renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should provide rejection letters from at least two additional attorneys to prove that he has made reasonable efforts to obtain counsel on his own. Additionally, Plaintiff should provide an explanation as to why he marked the box that he "cannot speak, write, and/or read English very well."

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Lt. Chad Ray, Count 2 will proceed against Lt. Williams, and Count 4 will proceed against Lt. Chad Ray, John Doe 1, John Doe 2, John Doe 3, and John Doe 4. Count 3 is dismissed without prejudice for failure to state a claim for relief. The Clerk of Court is **DIRECTED** to **ADD** the **Warden of Lawrence Correctional Center**, in his or her official capacity only, to the docket for purposes of responding

to discovery aimed at identifying the John Doe Defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Lt. Chad Ray, Lt. Williams, the Warden of Lawrence Correctional Center (official capacity only), and, once identified, John Does 1-4: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Lawrence Correctional Center is in the case solely for discovery purposes, he or she need not respond to the Complaint. The Warden only needs to enter his or her appearance and will receive further instruction on discovery at a later date. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 4, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.