IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROMARIS WALTON, #B69607 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00804-SMY |
| | ) | |
| LT. CHAD RAY, | ) | |
| LT. DARREN WILLIAMS, | ) | |
| C/O KOCHER, | ) | |
| C/O ROSE, | ) | |
| C/O (SGT.) WILSON "CHIEF" and | ) | |
| WARDEN DEENA BROOKHART, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence") filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims of excessive force and denial of medical treatment in violation of the Eighth Amendment. (Doc. 1). This matter is presently before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. 18).

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's Motion was filed more than 21 days after service of the Complaint and the Defendants have not consented to the filing of an amended complaint.

Plaintiff seeks to identify Doe Defendants and provide additional information on claims

that were dismissed following preliminary review under Section 1915A. The Court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Additionally, the First Amended Complaint is subject to review under 28 U.S.C. § 1915, which requires the Court to screen prisoner Complaints and any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: Plaintiff was informed on September 19, 2017 that he was being transferred from Lawrence to Stateville Correctional Center ("Stateville"). Due to events that occurred when he was previously incarcerated at Stateville, Plaintiff became extremely distraught. He told the unit officer he feared for his life and requested to speak to a crisis team member. He spoke with a mental health doctor on September 20, 2017 and was told he was on a medical hold due to his medical crisis. The doctor assured Plaintiff that he would look into the matter and approved the return of Plaintiff's clothing and shoes.

After Plaintiff's clothing and shoes were returned, he was handcuffed and escorted from segregation into a hallway where he could see a transport bus waiting. He again became distraught and feared for his life. He made it clear to prison staff present, including Lt. Chad Ray, Lt. Darren Williams, Correctional Officer Rose, Correctional Officer Kocher, and Correctional Officer (Sgt) Wilson "Chief" that he was suicidal and requested a crisis team member. Ray responded that was a problem that Stateville would have to address. Ray yanked violently and repeatedly on Plaintiff while he was in handcuffs, the force of which caused Plaintiff to fall. Williams, Rose, Kocher,

and Wilson stood by and did nothing to protect Plaintiff from the harm being inflicted by Ray.

As a result of Ray's actions, Plaintiff's body slammed against the floor injuring his back and buttocks. Additionally, Plaintiff had swollen wrists and a burning pain in his shoulders. Plaintiff cried out in pain and requested medical attention. Instead of taking Plaintiff for medical care, Ray, Williams, Rose, Kocher, and Wilson picked Plaintiff up, dragged him up some stairs, and tossed him in an isolation cage. He was then forced to endure a six-hour bus ride while suffering from untreated injuries.

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

**Count 1:** **Eighth Amendment excessive force and/or failure to protect/intervene claim against Ray for yanking violently and repeatedly on Plaintiff while he was handcuffed causing him to fall and suffer injuries on September 20, 2017 and against Williams, Rose, Kocher, and Wilson for failing to protect Plaintiff from the harm being inflicted by Ray.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Ray, Williams, Rose, Kocher, and Wilson for denying Plaintiff medical treatment for the injuries caused by Ray on September 20, 2017.**

**Count 3:** **Eighth Amendment deliberate indifference claim against Ray, Williams, Rose, Kocher, and Wilson because Plaintiff was denied a crisis team after a suicide threat.**

**Count 4:** **Eighth Amendment excessive force and/or deliberate indifference claim against Ray, Williams, Rose, Kocher, and Wilson for dragging Plaintiff up some stairs and tossing him in an isolation cage with untreated injuries.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

Pursuant to Rule 15, and after review of the First Amended Complaint pursuant to Section 1915A, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 18) is **GRANTED**.

The First Amended Complaint sets forth sufficient allegations for the claims in Counts 1 - 4 to proceed against Ray, Williams, Rose, Kocher, and Wilson in their individual capacities. To the extent Plaintiff attempts to bring claims against Defendants in their official capacities, those claims are dismissed because he seeks only monetary damages. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987) (when a plaintiff seeks monetary damages against a state official, he must bring the suit against the official only in his or her individual capacity).

Plaintiff also names Warden Deena Brookhart as a defendant, but makes no allegations against her in the statement of claim. Under Federal Rule of Civil Procedure 8, a complaint must include a short, plain statement of the case against each individual. Merely naming an individual in the case caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Additionally, Warden Brookhart cannot be held liable for the actions of subordinate employees, as the doctrine of respondeat superior (supervisory liability) is not applicable to section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Because there is no suggestion that Brookhart is personally responsible for allegedly violating Plaintiff's constitutional rights, he fails to state a claim against her, and she will be dismissed from the case. *See Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

**Motion for Recruitment of Counsel**

Plaintiff's Motion for Recruitment of Counsel (Doc. 20) is **DENIED** without prejudice. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When determining whether to grant a plaintiff's request for recruitment of counsel, the court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654.

Plaintiff has submitted proof of reasonable attempts to obtain counsel on his own. Nevertheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. While the Court notes Plaintiff's potential concern with regard to his limited knowledge of the law, such concerns are not unique to Plaintiff as a pro se litigant and do not necessarily warrant recruitment of counsel at this juncture. Through his pleadings and filings, Plaintiff has demonstrated that he has the ability to articulate clearly and effectively on his own behalf. If Plaintiff is unable to access his legal materials and/or the law library because of institutional restrictions due to the COVID-19 pandemic and has a pending deadline, he may request an extension. Plaintiff may refile his motion should that become necessary as the litigation progresses.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 18) is **GRANTED**. The Clerk of Court is **DIRECTED** to **FILE** the proposed First Amended Complaint submitted by Plaintiff with the exception of the pages labeled 21-25 that pertain to the motion for recruitment of counsel. Counts 1, 2, 3, and 4 will proceed against Lt. Chad Ray, Lt. Darren Williams, C/O Kocher, C/O Rose, and C/O (Sgt.) Wilson "Chief."

Defendant Warden Deena Brookhart is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** her as a party. Additionally, the Warden of Lawrence Correctional Center, who was previously added to the case in his/her official capacity for identifying Doe Defendants, is **DISMISSED** without prejudice, and shall be **TERMINATED** as a party.

The Clerk of Court shall prepare for newly named Defendants C/O Kocher, C/O Rose, and C/O (Sgt.) Wilson "Chief": (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 20) is **DENIED** without prejudice.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 10, 2020**

>*s/ Staci M. Yandle*
>**STACI M. YANDLE**
>**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.